**NOT FOR PUBLICATION**                                                                                           **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VICTOR ROJAS, | : |
|  | : |
| Petitioner, | : Civil Case No. 07-3353 (FSH) |
|  | : Criminal No. 06-555 |
| v. | : |
|  | : **OPINION and ORDER** |
| UNITED STATES OF AMERICA, | : |
|  | : Date: January 17, 2008 |
| Respondent. | : |

**HOCHBERG, District Judge**

This matter having come before the Court upon Petitioner Rojas's July 19, 2007 Motion to Vacate Conviction and Sentence ("Mot.") pursuant to 28 U.S.C. § 2255[1] and Petitioner

---

[1] Section 2255 reads in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or

Rojas's Motion for Bail Pending the Disposition of His Motion to Vacate, Set Aside, or Correct Conviction and Sentence, and the Court having considered the arguments of the parties on the papers;[2] and

it appearing that Petitioner Victor Rojas entered a plea of guilty to a one-count Information charging him with conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a); and

it appearing that on April 4, 2007 Petitioner was sentenced by this Court to a term of

---

> resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

[2]   28 U.S.C. § 2255 sets forth the procedure for a district court reviewing a § 2255 motion. "If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Rules Governing 28 U.S.C. § 2255 Proceedings, Rule 8. Whether to hold an evidentiary hearing is left to the District Court's discretion. As the Third Circuit has explained:

> When a motion is made under 28 U.S.C. § 2255 the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.

United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992); see also Enright v. United States, 347 F. Supp. 2d 159, 163 (D.N.J. 2004) (same) (citing Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir.1989)).

Procedurally, "the court must first determine whether the petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations."  Enright, 347 F. Supp. 2d at 163 (citing Government of the Virgin Islands, 20 F.3d at 574).  Accordingly, the District Court need not have an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief . . . ."  United States v. Day, 969 F.2d at 41-42.  Because the motion, files, and records of the case demonstrate that Petitioner is not entitled to relief, the Court in its discretion has determined that it may decide Petitioner's motion without an evidentiary hearing.

imprisonment of 54 months, a term of supervised release of 60 months, and a fine of $2,500; and

it appearing that prior to sentencing, Petitioner spent 22 months in home confinement; and

it appearing that Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255 on July 17, 2007; and

it appearing that Plaintiff's § 2255 claim is based on the allegedly ineffective assistance of his defense counsel.  See Mot. at 1; and

it appearing that "[u]nder Strickland . . . a prisoner seeking relief on the ground of ineffective assistance of counsel must show, first, that counsel's assistance fell below an objective standard of reasonableness for counsel in criminal cases, and, second, that counsel's deficient performance prejudiced the defense." United States. v. Yongo, No. 05-3795, 2007 WL 2900548, *3 (3d Cir. Oct. 4, 2007) (citing Strickland v. Washington, 466 U.S. 668 (1984)); and

it appearing that the Strickland standard is "highly deferential because 'it is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, . . . to conclude that a particular act or omission of counsel was unreasonable.'" Douglas v. Cathel, 456 F.3d 403, 420 (3d Cir. 2006) (quoting Strickland, 466 U.S. at 689); and

it appearing that in order for the Court to make a "'fair assessment of attorney performance,'" the Court must make "'every effort . . . to eliminate the distorting effects of hindsight . . . .'" Id. (quoting Strickland, 466 U.S. at 689); and

it appearing that Petitioner raises three arguments in his § 2255 motion:
- that because his counsel was ineffective, the sentencing judge failed to appropriately

3

>   consider the factors set forth in 18 U.S.C. § 3353(a)(2)(A) and (a)(6).  See Mot. at 6;

- that Petitioner's counsel was ineffective in failing to seek dismissal of the charges against Petitioner based on a purported Speedy Trial Act violation.  See id. at 12;

- that Petitioner's counsel was ineffective when counsel failed to object to the Court's imposition of a sentence at the "higher end of the applicable sentencing range" and when counsel failed to request an explanation for the sentence.  See id. at 13.

it appearing that, Petitioner's first and third point may be considered together; the Court will therefore first address Petitioner's Speedy Trial Act argument before turning to Petitioner's first and third arguments together; and

### I. Petitioner's Point One: The Purported Speedy Trial Act Violation

it appearing that Petitioner argues ineffective assistance of counsel based on his counsel's failure to move to dismiss the charges against him pursuant to the Speedy Trial Act, 18 U.S.C. § 3162(a)(1);[3] and

it appearing, however, that 18 U.S.C. § 3162(a)(2) specifically notes that "entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."

---

[3] This section reads in relevant part:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1).

18 U.S.C. § 3162(a)(2);[4] and

---

[4]     On July 20, 2007 Petitioner filed a Motion for Leave to Amend and/or Supplement Motion to Vacate Conviction and Sentence ("Supp. Mot."), which the Court granted as unopposed on December 4, 2007. Petitioner's supplemental material directs the Court to Zedner v. United States, 547 U.S. 489 (2006). Petitioner argues that Zedner supports his Speedy Trial Act argument. The Court finds Petitioner's supplemental arguments unavailing.

First, the waiver language contained in the Speedy Trial Act is unambiguous. As noted above, the Act specifically states that "entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). Zedner does nothing to alter this fact. As the Supreme Court noted in Zedner, "[i]f a trial does not begin on time, the defendant may move, before the start of trial or the entry of a guilty plea, to dismiss the charges . . . ." Zedner, 547 U.S. 489, 126 S. Ct. at 1984 (emphasis added). When, as here, a defendant has entered a guilty plea, any Speedy Trial Act argument the defendant may have had is waived.

In Zedner the Supreme Court also noted that an ends-of-justice continuance may be excluded from the Speedy Trial Act's strictures only if the sentencing judge puts his or her reasoning for granting the continuance on the record. Zedner, 547 U.S. 489, 126 S. Ct. at 1989 ("But § 3161(h)(8)(A) is explicit that '[n]o . . . period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable . . . unless the court sets forth . . . its reasons for [its] finding[s].' Thus, without on-the-record findings, there can be no exclusion under § 3161(h)(8)."). Petitioner points to this aspect of Zedner and argues that "the record is completely devoid of a statement of 'reasons'" for the Orders to Continue. See Supp. Mot. at 2.

Petitioner's assertion that Judge Wigenton failed to provide reasons for the ends-of-justice continuance in this case is demonstrably false. In her first continuance order Judge Wigenton noted that

> IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:
>
> 1. Plea negotiations are currently in progress, and additional time is necessary to pursue plea negotiations which would render trial of this matter unnecessary; and
>
> 2. The grant of a continuance will likely conserve judicial resources. Pursuant to [18 U.S.C. § 3161(h)(8)], the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

Order to Continue (DKT#12). Each of Judge Wigenton's subsequent Orders to Continue contain similar language. Additionally, the last three of Judge Wigenton's Orders to Continue specifically note Petitioner's right to have the matter submitted to trial within 70 days of the filing of an indictment . . . ." Petitioner's claims that "the record is completely devoid of a statement of 'reasons'" for the Orders to Continue, see Supp. Mot. at 2, and that he was unaware

it appearing that "[s]peedy trial claims are among the claims that are waived as a result of a guilty plea." See United States v. Torres, 134 Fed. App'x 518, 520-21 (3d Cir. 2005) (citing United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997); United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996)); and

it appearing that Petitioner entered a guilty plea, docketed on July 24, 2006 (DKT#23), which waived any Speedy Trial Act claim he may have had; and

it appearing, therefore, that Petitioner's ineffective assistance of counsel claim based on the alleged violation of the Speedy Trial Act is without merit; and

## II. Petitioner's Points Two and Three

it appearing that Petitioner also argues that his counsel was ineffective with regard to the Court's imposition of a 54-month sentence on the following grounds:

- that the Court failed to consider Petitioner's period of home confinement as time served against his 54 month sentence; that the Court should have considered Petitioner's period of home confinement as a factor under §§ 3553(a)(2)(A), (a)(6); and that counsel was ineffective when counsel failed to object to the sentence on these grounds. See Mot. at 8-9; and

- that Petitioner's counsel was ineffective when he allegedly erroneously informed Petitioner that Petitioner's 22 months of home confinement would be counted as time served against his sentence. See id. at 10; and

---

of his right to have the matter submitted to trial within 70 days of the filing of an indictment, see Supp. Mot. at 3, are therefore without merit.

- that Petitioner's counsel failed to object to the Court's imposition of a sentence near the top of the sentencing range of 54 months, and did not request an explanation from the Court for the sentence. See id. at 13; and

*A. Counsel's Failure to Object to the Court's Failure to Consider Home Confinement Pursuant to 18 U.S.C. § 3553(a)(2)(A) and § 3553(a)(6)*

it appearing that 18 U.S.C. § 3553(a) lists factors for the Court to consider when imposing a sentence; and that § 3553(a)(2)(A) directs that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . ." 18 U.S.C. § 3553(a)(2)(A); and

it appearing that § 3553(a)(6) directs that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." 18 U.S.C. § 3553(a)(6); and

it appearing that Petitioner argues that the Court should have considered the 22 months he spent in home confinement pursuant to § 3553(a)(2)(A) and § 3553(a)(6) because, while on home confinement, "his liberty was substantially restricted . . . [and home confinement] necessarily amounted to punishment." Mot. at 8; and

it appearing that Petitioner also argues that counsel was ineffective insofar as counsel did not object when "the district court did not take the punishment that petitioner had already suffered – pretrial home detention – into account in fashioning the sentence of imprisonment"; and that Petitioner argues "it was incumbent upon counsel to object to the Court's failure to

7

consider the period of home detention." Mot. at 6; and

it appearing, however, that "despite petitioner's contention that home confinement is as restrictive as confinement in prison, the Court notes that home confinement is significantly different and less restrictive than pre-trial confinement in prison." O'Shea v. United States, No. 04-5016, 2005 WL 3440628, *4 (D.N.J. Dec. 13, 2005) (citing United States v. Hager, 288 F.3d 136, 137 (4th Cir. 2002) ("Home confinement is not incarceration.")); and

it appearing that "time spent in home confinement while on bond [i]s not creditable towards a prison sentence." O'Shea, 2005 WL 3440628 at *3 (citing United States v. Edwards, 960 F.2d 278, 282-83 (2d Cir. 1992); United States v. Becak, 954 F.2d 386, 387-88 (6th Cir. 1992); United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991)); and

it appearing, therefore, that because pretrial time spent in home confinement while on bond need not be considered under § 3553(a)(2)(A) or § 3553(a)(6), Counsel had no duty to argue or object to the Court's alleged failure to consider this factor; and

it appearing that, because counsel had no duty to object to the Court's alleged failure to consider Petitioner's home confinement under § 3553(a)(2)(A) or § 3553(a)(6), Petitioner has failed to demonstrate that counsel's actions fell below an objective standard of reasonableness under the first prong of the Strickland test; and

### B. Counsel's Allegedly Erroneous Advice

it appearing that Petitioner also argues that his counsel was ineffective based on Petitioner's allegation that prior to being sentenced, Petitioner was informed by counsel that Petitioner would receive time-served credit for the 22 months he spent in home confinement; and that counsel's statement induced Petitioner to enter the plea agreement. See Mot. at 10; and

8

it appearing, however, that Petitioner concedes counsel made this alleged misrepresentation to Petitioner after Petitioner "had already been on house home [sic] confinement for more than one year . . . ."  Mot. at 4; and

it appearing, therefore, that in order to make the showing required by Strickland, Petitioner would have to demonstrate that, had counsel correctly advised Petitioner regarding the treatment of his period of home confinement at the time of Petitioner's guilty plea, "there is a reasonable probability that, but for counsel's [allegedly] unprofessional error[], the result of the proceeding would have been different."  Strickland, 466 U.S. at 694; and

it appearing, however, that even if Petitioner had been told after at least 13 months of home confinement had already passed that his period of home confinement would not count as time served, it is inconceivable that Petitioner would have chosen at that late date to proceed to trial – further extending his pre-sentence confinement – rather than proceed with the plea agreement before him;[5] and

it appearing, therefore, that even assuming – without deciding – that Petitioner was given inaccurate advice about his first 13 months of home confinement, Petitioner cannot establish prejudice under the second prong of Strickland; 466 U.S. at 687 ("Second, the defendant must show that the deficient performance prejudiced the defense."); and

---

[5]  Here it is worth reiterating Strickland's observation that a district court make "every effort . . . to eliminate the distorting effects of hindsight . . . ."  466 U.S. at 689.  Although the Court made this statement in the context of Strickland's first prong, it necessarily applies with equal force to the second – or "prejudice" – prong.  In other words, the Court must consider Petitioner's choices as they existed at the time of his plea agreement.  From that perspective, it is extraordinarily unlikely that Petitioner would have decided to reject the plea agreement and extend his period of pre-trial confinement in order to proceed to a trial in which he would almost certainly have been found guilty, and in which he would likely have faced a far stiffer sentence.

it appearing, with regard to the remaining 9 months of Petitioner's home confinement, that Petitioner's initial sentencing hearing was scheduled on November 6, 2006; and

it appearing that Petitioner was not sentenced until April 4, 2007 because Petitioner and his counsel requested three sentencing adjournments:

- On November 3, 2006, Petitioner's counsel requested a two-week adjournment because Petitioner was "recovering from eye surgery due to having cataracts on both eyes."

- On November 17, 2006 Petitioner's counsel requested an adjournment "until March" because petitioner had undergone kidney transplant surgery and required a lengthy recovery period (DKT#27).

- On March 21, 2006 Petitioner's counsel requested an adjournment because counsel was on trial elsewhere between March 26 and March 29, 2007.

it appearing, therefore, that Petitioner's period of home confinement between the date of his original sentencing hearing on November 6, 2006 and his actual sentencing hearing on April 4, 2007, was due to Petitioner's illness and his incapacity to appear before the Court; and

it appearing, therefore, that even had Petitioner been aware that his period of home confinement would not count as time served against his sentence, it is extraordinarily unlikely, given the state of his health at that time, that he would have chosen to receive jail-time credit by requesting he be placed in custody at Passaic County jail pending his sentencing hearing; and

it appearing that <u>Strickland</u> requires Petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694-95; and

10

it appearing that, in considering Petitioner's circumstances at the time of his plea agreement – in particular Petitioner's impending transplant surgery and consequent long-term convalescence – Petitioner simply cannot demonstrate that he would have chosen a different course – specifically, incarceration in Passaic County jail – pending his sentencing hearing; and

it appearing that because Petitioner is unable to satisfy Strickland's second prong with regard to home confinement from the time of his guilty plea until he was sentenced, his ineffective assistance of counsel claim based on his attorney's allegedly erroneous advice fails as a matter of law; and

*C. Counsel's Failure to Object to the Court's Imposition of a Sentence Near the Top of the Sentencing Range and Failure to Request an Explanation from the Court for the Sentence.*

it appearing that the Court determined that Petitioner Rojas was subject to a Guidelines range of 46 to 57 months; and that Petitioner Rojas was sentenced to 54 months, which is well within the range suggested by the Guidelines; and

it appearing that at sentencing the Court considered the evidence presented by Petitioner and all related arguments; and that at sentencing the Court rejected the Probation Officer's Sentencing Recommendation of 70 months after granting a "minor role" adjustment pursuant to 3B1.2(6) and reduced the base offense level from 32 to 30; and that "[w]here a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments," the Supreme Court has noted that it "do[es] not believe the law requires the judge to write more extensively." Rita v. United States, 127 S. Ct. 2456, 2469 (2007); and

it appearing that, because the sentencing judge properly considered the factors before the

Court and stated reasons for the sentence imposed by the Court, counsel's alleged failure to request further explanation from the Court did not fall below an "objective standard of reasonableness" under Strickland's first prong.  See 466 U.S. at 687-88; and

   it appearing that counsel allegedly advised Petitioner that "the Court would likely impose a sentence at the lower end of [the] sentence range – i.e., 46 months imprisonment."  Mot. at 4; and

   it appearing that, to the extent that Petitioner suggests this disparity is grounds for an ineffective assistance claim, "it has long been settled as a general rule that where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel."  Brown v. United States, 75 F. Supp. 2d 345, 355 (D.N.J. 1999) (citing Masciola v. United States, 469 F.2d 1057, 1059 (3d Cir.1972)); and

   **ACCORDINGLY IT IS** on this 17th day of January, 2008

   **ORDERED** that Petitioner Rojas's Motion to Vacate Conviction and Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; and it is further

   **ORDERED** that, having denied Petitioner Rojas's Motion to Vacate Conviction and Sentence, Petitioner Rojas's Motion for Bail Pending is **DENIED** as moot; and it is further

   **ORDERED** that this case is **CLOSED**.

                                                   /s/ Faith S. Hochberg, U.S.D.J.

                                                   **HON. FAITH S. HOCHBERG, U.S.D.J.**