NOT FOR PUBLICATION                                                                 CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

VICTOR ROJAS,

               Petitioner,

v.

UNITED STATES OF AMERICA,

               Respondent.

: Civil Case No. 07-3353 (FSH)
: Criminal No. 06-555
:
: **OPINION and ORDER**
:
: Date: March 7, 2008

**HOCHBERG, District Judge**

This matter comes before the Court on Petitioner's Motion for Reconsideration of this Court's Order, dated January 17, 2008, which denied Petitioner's July 19, 2007 motion to vacate, set aside, or correct his sentence on the grounds that Petitioner failed to demonstrate that he was entitled to relief for ineffective assistance of counsel. Having considered the written submissions before this Court pursuant to Fed. R. Civ. P. 78, and

it appearing that a Motion for Reconsideration (a.k.a. Motion for Reargument)[1] is governed by Local Civil Rule 7.1(g); and

it appearing Local Civil Rule 7.1(g) provides for the reargument of an order if the motion for the same is filed within 10 days after entry of the disputed order; and

it appearing that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906,

---

[1] Local Civil Rule 7.1, comment 6(a); see, e.g., Hernand v. Beeler, 129 F. Supp. 2d 698, 701 (D.N.J. 2001) (noting that the terms reargument and reconsideration are used interchangeably and that Rule 7.1(g) governs both).

909 (3d Cir. 1985); see also, Shoenfeld Asset Mgt. v. Cendent Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); Yurecko v. Port Authority Trans-Hudson, 2003 WL 22001196, at * 2 (D.N.J. Aug. 18, 2003); and

it appearing that the Rule requires that the moving party set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked," G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990); and

it appearing that "a party seeking reconsideration must show more than a disagreement with the Court's decision," G-69 v. Degnan, 748 F. Supp. at 275; and

it appearing that "a mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision'" does not warrant reargument, Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting Carteret Savings Bank F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J. 1989)); and

it appearing that a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, Database America v. Bellsouth Advertising & Publ'g., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)); and

it appearing that a motion for reconsideration is improper when it is used "to ask the Court to rethink what it had already thought through – rightly or wrongly," Ciba-Geigy Corporation v. Alza Corporation, 1993 WL 90412, *1 (D.N.J. March 25, 1993); Oritani Sav. & Loan v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993); and

it appearing that because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986); and

the Court finding no reason to disturb its decision of January 17, 2008,

**IT IS**, therefore, on this 7th day of March, 2008,

**ORDERED** that Respondents' Motion for Reconsideration is **DENIED**; and it is further

**ORDERED** that no certificate of appealability shall issue under 28 U.S.C. § 2253(c)(2), the Petitioner having failed to make a substantial showing of the denial of a constitutional right.


<u>/s/ Faith S. Hochberg</u>

**Hon. Faith S. Hochberg, U.S.D.J.**